**UNITED STATES of America, Plaintiff–Appellee,**

v.

**London Eugene MILLER, Defendant–Appellant.**

No. 00–1042.

United States Court of Appeals, Sixth Circuit.

March 21, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

*ORDER*

London Eugene Miller, through counsel, appeals the district court's imposition of a subsequent term of supervised release as part of his sentence for violating a condition of his original term of supervised release. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

In March 1995, Miller pleaded guilty to a charge of distribution of cocaine, a violation of 21 U.S.C. § 841(a)(1). In July 1995, he was sentenced to seventy-eight months of imprisonment to be followed by four years of supervised release. Pursuant to a Fed.R.Crim.P. 35 motion filed by the government, the district court reduced Miller's term of imprisonment to a term of forty-eight months. The term of supervised release was not altered. Miller began his supervised release term in January 1999. Seven months later, Miller's probation officer successfully petitioned the court to revoke Miller's release because Miller tested positive for marijuana use. The district court sentenced Miller to an additional twenty-four months of imprisonment to be followed by an additional year of supervised release.

In his timely appeal, Miller argues that the imposition of an additional year of supervised release violates the Ex Post Facto Clause. Miller's brief was filed before the Supreme Court decided *Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), which squarely forecloses Miller's argument.

The district court properly sentenced Miller. In order for a statutory modification of punishment to run afoul of the Ex Post Facto Clause the statute must: (1) apply retroactively to past conduct, and (2) work to the prejudice or disadvantage of the defendant. *See Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). In *Johnson,* the Supreme Court rejected the argument Miller raises. The Court found authority, in 18 U.S.C. § 3583(e)(3) as it existed prior to the 1994 amendment of the statute, for a court to impose a new term of supervised release after revocation of the original term and reincarceration. *See Johnson,* 120 S.Ct. at 1802–07.

Accordingly, we affirm the district court's judgment.